

NUMBER 13-08-00582-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CITY OF ALTON,** **Appellant,**

**v.**

**CITY OF MISSION,** **Appellee.**

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Benavides**
**Memorandum Opinion by Justice Yañez**

By a single issue, appellant, the City of Alton ("Alton"), contends the trial court erred

in issuing a writ of mandamus directing it to satisfy a $60,000 judgment in favor of

appellee, the City of Mission ("Mission").[1]  We affirm.

## I.  Background

In 2003, in a declaratory judgment action between Mission and Alton concerning extra-territorial jurisdiction, the trial court granted summary judgment and awarded attorneys' fees in favor of Mission.[2]  In 2005, this Court affirmed the judgment, and the supreme court denied review.[3]

On June 8, 2008, Mission filed a petition for writ of mandamus with the trial court requesting that the court direct Alton to pay the $60,000 judgment awarding attorneys' fees to Mission.[4]  Alton filed a response to Mission's petition; the parties filed several more "replies" and "responses."  On August 11, 2008, the trial court held a hearing on Mission's petition.  On August 18, 2008, the trial court issued an order granting Mission's petition for writ of mandamus and issuing the writ.  The writ, directed to the Mayor and City Commissioners of Alton, stated:

> WHEREAS, on May 1, 2003, in the 206th District Court of Hidalgo County, in Cause No. C-1131-01-D, *City of Mission v. City of Alton*, the Court rendered judgment in favor of Mission against Alton which included an award of $60,000 (hereinafter the "Judgment");

---

[1] *See Anderson v. City of Seven Points,* 806 S.W.2d 791, 792 n.1 (Tex. 1991) ("An original proceeding for a writ of mandamus initiated in the trial court is a civil action subject to trial and appeal on substantive law issues and the rules of procedure as any other civil suit").  Alton characterizes its issue as follows: "Can a city by Mandamus enforce a Judgement [sic] for payment of attorney's fees against another city absent a contractual agreement allowing such payment without a clear and unambiguous legislative enactment abolishing its immunity?"

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008) ("In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.").

[3] *See City of Alton v. City of Mission*, 164 S.W.3d 861, 864, 870 (Tex. App.–Corpus Christi 2005, pet. denied).

[4] The 2003 judgment awarded Mission $30,000 in attorneys' fees, plus $15,000 if Alton unsuccessfully appealed to this Court and $15,000 if it unsuccessfully appealed to the Texas Supreme Court, both of which occurred.

2

WHEREAS, Alton has the legal duty to satisfy the Judgment, Mission has made written demand on Alton to satisfy the Judgment, and Alton has neglected or refused to satisfy the Judgment;

WHEREAS, the Judgment amount is fixed and certain; and Mission has no adequate remedy at law in collecting the Judgment;

THEREFORE, the City of Alton and its officers, Salvador Vela, Ricardo Garza, Richard Alevalo, Emilio Cantu, Jr., Arturo Galvan and Hilario Rincones, are HEREBY MANDATED to raise revenue to satisfy the Judgment, including but not limited to, (1) using any current and future tax year surplus revenue or revenue allocated for miscellaneous or contingency expenses to satisfy the Judgment and (2) levying and collecting additional taxes in future tax years, to the full extent of Alton's taxing power in order to satisfy the Judgment.

This appeal followed.

## II. Applicable Law

Mandamus is the proper remedy by which a judgment can be enforced against a political subdivision of the state.[5]   Through mandamus, a political subdivision can be directed to levy and to collect sufficient taxes to satisfy judgments outstanding against the entity when there are not sufficient funds on hand.[6]

## III. Discussion

Alton argues that it did not agree to pay attorneys' fees in the underlying action and "therefore, there was no implicit waiver of governmental immunity for involuntary payment

---

[5] *Delta County Levee Improvement Dist. No. 2 v. Leonard*, 516 S.W.2d 911, 912 (Tex. 1974) (citing *Nat'l Surety Corp. v. Friendswood Indep. Sch. Dist.*, 433 S.W.2d 690, 694 (Tex. 1968)); *see also Fort Bend County v. Martin-Simon*, 177 S.W.3d 479, 486 (Tex. App.–Houston [1st Dist.] 2005, no pet.).

[6] *Delta County*, 516 S.W.2d at 912; *Fort Bend County*, 177 S.W.3d at 486.

3

of attorney's fees arising out of the Declaratory Judgment action." We find Alton's argument unpersuasive. As the supreme court has stated,

> Sovereign immunity refers to the State's immunity from suit and liability. In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. Governmental immunity, on the other hand, protects political subdivisions of the State, including counties, cities, and school districts.[7]

"Governmental immunity, like the doctrine of sovereign immunity to which it is appurtenant, involves two issues: whether the State has consented to suit and whether the State has accepted liability."[8] "Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments."[9]

In the present case, Alton appears to argue that it is immune from suit. Alton argues that this case is similar to *City of Galveston v. State of Texas*, in which the supreme court held that cities are immune from suits filed on behalf of the State by the Attorney General to recover money damages.[10] We find *City of Galveston* to be inapposite; here, the underlying suit does not involve the recovery of money damages.

The Texas Supreme Court has noted that certain declaratory judgment actions do not implicate the doctrine of governmental immunity.[11] An action for declaratory judgment

---

[7] *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003) (internal citations omitted).

[8] *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009) (citing *Taylor*, 106 S.W.3d at 696).

[9] *Id.*

[10] *City of Galveston v. State of Texas*, 217 S.W.3d 466, 468 (Tex. 2007).

[11] *Houston Mun. Employees Pension Sys. v. Ferrell*, 177 S.W.3d 502, 509 (Tex. App.–Houston [1st Dist.] 2005), *rev'd in part on other grounds,* 248 S.W.3d 151 (Tex. 2007); *Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ("We conclude that by authorizing declaratory judgment actions to construe the legislative enactments of governmental entities and authorizing awards of attorney fees, the [Declaratory Judgment Act] necessarily waives governmental immunity for such awards.").

seeking only a clarification of rights, attorney's fees, and costs—as here, in the underlying action—is not a suit for damages against the State and is not barred by governmental immunity.[12]

We do not construe Alton's argument as asserting immunity to liability. Insofar as Alton attempted to raise such an issue, we conclude that the issue was inadequately briefed and was therefore waived.[13]

## IV. Conclusion

We overrule Alton's issue and affirm the trial court's judgment.

LINDA REYNA YAÑEZ,
Justice

Delivered and filed the
14th day of October, 2010.

---

[12] *See City of San Benito v. Ebarb*, 88 S.W.2d 711, 721 (Tex. App.–Corpus Christi 2002, pet. denied). Moreover, we note that Alton waived any immunity-from-suit defense by filing a counterclaim seeking affirmative relief in the underlying action. *See City of Irving v. Inform Constr., Inc.*, 201 S.W.3d 693, 694 (Tex. 2006) (per curiam).

[13] *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Moreover, we note that Alton did not raise immunity in its appeal of the judgment in this case. *See City of Mission*, 164 S.W.3d at 864.